Opinion of the Court.
THIS is an appeal taken from a judgment rendered against Allison, on the trial of a traverse taken by him to the inquisition of a jury, finding him guilty of a forcible detainer, in a proceeding by warrant from a justice of the peace, sued out at the instance of Thompson. On the trial in the circuit court, Thompson, the plaintiff in the warrant, read in evidence a lease from himself to Allison, bearing date the first of January 1818, and purporting to demise to Allison the lot and premises in contest, for the term of three years then next succeeding ; and after proving the execution of the lease and that Allison took possession thereunder, and has ever since remained in the possession thereof, Allison moved the court to instruct the jury to find as in case of a nonsuit; but his motion was overruled by the court, and by exceptions the evidence was made part of the record.
1. In refusing the instructions, we apprehend, the court erred. Giving to the evidence its utmost operation against, Allison, there is nothing calculated to show that he has ever either committed any force in withholding the possession, or refused to restore the possession to Thompson. Prior to the passage of the act of this country, (1 Dig. 608,) actual force was indispensably necessary to be proved, to convict a tenant of a forcible detainer; and although, by the provisions of that act, a forcible detainer may now be committed without the employment of actual force, yet, by the provisions of the 16th section, it is only, where the tenant at will, after the expiration of the will of his landlord, or other tenant, after the expiration of his term in the premises, refuses to restore the possession to his landlord, that the tenant, by construction of law, can be adjudged guilty of a forcible detainer, without having employed actual force. There may *33 be acts done by a tenant, which, in legal contemplation, would be equivalent to a refusal to restore the possession to the landlord ; and upon proof being made of such acts, the tenant might be subject to the consequences of a forcible detainer ; but the merely remaining in possession after the expiration of the lease, cannot be construed into a refusal to restore the possession, nor be equivalent to it; and it does not appear from the bill of exceptions, that any other evidence than that of Allison having remained in possession after the expiration of the lease, was introduced, conducing to prove a refusal to restore the possession to Thompson.
Acts may be done by the tenant which will be equivalent to a refusal, altho’ there should be no refusal in fact, and on proof of those acts he would be liable to the consequences of a forcible detainer.
The evidence introduced by Thompson was, therefore, insufficient to convict Allison of a forcible detainer, and consequently, the motion of Allison should have been sustained by the court.
After the motion of Allison for a nonsuit was overruled by the court, he introduced and proved the execution of a bond given by Robert Miller to Thompson, bearing date anterior to the lease from Thompson to Allison, and purporting, after reciting the sale of the premises in contest by Miller to Thompson, to bind Miller to convey the same to Thompson, whenever the sale money should be paid ; and also, proved the execution of an assignment made by Thompson on the bond after the date of his lease to Allison, purporting to transfer the bond to Miller, and offered to read the bond and assignment to the jury as evidence ; but the court refused to permit them to go in evidence.
Allison also offered to read in evidence a written agreement made between Miller and Thompson, after the date of Thompson’s lease to Allison, purporting to be a conveyance to Miller of the interest which Thompson held in the premises under his purchase from Miller, in trust, to secure Miller in the payment of the purchase money remaining unpaid by Thompson, and containing an authority to Miller to sell the same, on the failure of Thompson to pay according to his stipulations, and concluding with the following expressions : “ And after the time the said tavern (the premises in contest being of that description of property) is now rented for, shall expire, the same shall be rented out, and apply the rent, as it becomes due, as credits on said bonds ;” and called a witness to prove *34 that after the expiration of the lease from Thompson to Allison, and on the first of January 1821, he, Allison, rented the premises from Miller for one year; but the court refused to allow the written, as well as the parol evidence to go to the jury.
Evidence proving that the tenant had, after the expiration of his lease, taken another term from one whom she plaintiff had authorised to lease, is proper in a traverse in forcible detainer.
2. In rejecting the evidence, we are of opinion, the court likewise erred. From the rejected evidence, it is abundantly evident, that by the several contracts and agreements between Thompson and Miller, Thompson held no legal title to the land in contest. The title must be presumed to have been in Miller when he sold and gave his obligation to convey to Thompson ; and it is apparent, from their several written contracts, that no title was to conveyed by Miller, until the purchase money should be received. Thompson became invested with an equity, by the bond which was given by Miller for a title; but even that bond appears to have been subsequently assigned by him to Miller, and by the deed of trust all the interest which Thompson then held, of whatever nature, was transferred to Miller, in trust, for the purpose of securing to him the payment of the purchase money. These observations are, however, no otherwise important in the present contest, than as tending to show the most probable import of the concluding expressions employed in the deed of trust, and to which we have already referred ; for if those expressions be admitted to confer on Miller an authority from Thompson to lease the premises, after the expiration of the lease which Allison then held, it is perfectly clear, that no person to whom Miller might thereafter lease, could be compelled to make restitution to Thompson ; and the rejected evidence went to prove that Allison did in fact lease the premises from Miller. But, if we are correct in supposing that by the various agreements between Thompson and Miller, the latter became clothed, not only with the legal title, but with Thompson’s equity, for the purposes of the trust, it is pretty evident, that the parties must have intended by the concluding expressions of the deed of trust, that Miller should lease the premises, after the expiration of the lease which Thompson had previously given to Allison. Those expressions are not explicit as to the person by whom the premises should be leased; but they are directed to be leased; and after having assigned Miller the *35 bond which he had given Thompson for the conveyance, and after having empowered him to sell, in case there should be a failure in Thompson to pay the purchase money, it is most natural to suppose, that it was intended that Miller should make the lease; and the presumption is strengthened by the circumstance of the rent being directed to be applied as credits on the demands which Miller had on Thompson ; for as Miller was the creditor, holding the obligations of Thompson, the application of credits could only be made by him ; and how could he make the application, without having the control of the rents ? And how could he have the control of the rent, without possessing the right to lease the premises ?
The judgment must be reversed with costs, and the cause remanded to the court below, and further proceedings had, not inconsistent with this opinion.